# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv204

| | |
|---|---|
| RDLG, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RPM GROUP, LLC; RPM GROUP ) | |
| BROKERAGE, LLC; FRED M. ) | |
| LEONARD, III, a/k/a CHIP ) | |
| LEONARD; JESSICA LEWIS ) | |
| LEONARD; JASON BENTON; ) | |
| NICK JAMES; and DEXTER ) | |
| HUBBARD, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on Dexter Hubbard's Motion to Extend Time to File Responsive Pleadings (#23) and plaintiff's Motion for Entry of Default (#15). Inasmuch as defendant seeks to reopen the time for filing a responsive pleading, he must show excusable neglect under Rule 6(b)(1)(B), Federal Rules of Civil Procedure.

For cause, defendant has shown that he was misinformed by his co-defendants that their counsel would seek an extension of time on his behalf, which apparently did

-1-

not occur.[1] Counsel for defendant states that this defendant met with counsel for his co-defendants, who allegedly informed him that such extension was not sought on his behalf.

"Excusable neglect" is an elastic concept where courts have the discretion to allow late filings even where the delay was the result of inadvertence or mistake. Pioneer Invs. Serv. Co. v. Brunswick Assoc. Ltd. P'shp, 507 U.S. 380, 392 (1993).

> The determination of whether neglect is excusable is at the bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These circumstances include: (1) 'danger of prejudice'; (2) 'length of delay and its potential impact on judicial proceedings'; (3) 'reason for the delay'; and (4) 'whether the movant acted in good faith.'

Fontell v. MCGEO UFCW Local 1994, No. AW-09-2526, 2010 WL 3086498, at *2 (D. Md. 6 Aug. 2010) (internal quotations omitted in part). Defendant has shown a realistic mistake concerning representation; there simply can be no prejudice to plaintiff as these proceedings are at an early stage; the delay is minimal to non-existent as the remaining defendants have not yet responded; and this defendant appears to have acted in good faith in that he inquired as to representation and was apparently misinformed that a joint defense would be mounted. Considering all of the relevant factors, and it appearing that the proposed reopening and extension will in

---

[1] The court would have preferred that Mr. Hubbard submit such statement in the form of an affidavit.

no manner prejudice plaintiff as the proposed extension coincides with the responsive deadline for the other defendants, the request will be allowed. Consistent with that determination, the motion for entry of default will also be denied as a matter of housekeeping.[2]

## ORDER

**IT IS, THEREFORE, ORDERED** that Dexter Hubbard's Motion to Extend Time to File Responsive Pleadings (#23) is **GRANTED,** and Mr. Hubbard is allowed up to and inclusive of December 13, 2010, to so Answer or otherwise respond to the Complaint. Plaintiff's Motion for Entry of Default (#15) is **DENIED** as a matter of housekeeping.

Signed: November 2, 2010

Dennis L. Howell
United States Magistrate Judge

---

[2] Motions for entry of default are routinely resolved by the Clerk of this court; however, inasmuch as the court has taken up a conjoined motion, the undesigned will dispose of the request for default.