# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv204

| | |
|---|---|
| RDLG, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RPM GROUP, LLC; RPM GROUP )<br>BROKERAGE, LLC; FRED M. )<br>LEONARD, III; JESSICA LEWIS )<br>LEONARD; JASON BENTON; )<br>NICK JAMES; and DEXTER )<br>HUBBARD, )<br>)<br>    Defendants. )<br>_____ )<br>)<br>RPM GROUP, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RDLG, LLC; and GLENN G. GOLDAN, )<br>)<br>    Defendants. )<br>_____ )  | **ORDER** |

Pending before the Court is the Motion for Attachment filed by Plaintiff RDLG, LLC [#48]. Plaintiff moves the Court to issue an order of attachment relating to

1

personal property it contends Defendants have in North Carolina.  The Court **DENIES without prejudice** Plaintiff's motion.

I.      Analysis

Rule 64 of the Federal Rules of Civil Procedure provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a).  Attachment is one of the specific remedies listed in Rule 64 that is available to federal court litigants.  Fed. R. Civ. P. 64(b).  "The chief purpose of attachment proceedings is to secure a contingent lien on the defendant's property until the plaintiff can, by appropriate proceedings, obtain a judgment and have such property applied to its satisfaction." Ross v. Peck Iron & Metal Co., 264 F.2d 262, 268 (4th Cir. 1959).

The Court looks to North Carolina law for guidance as to when pre-judgment attachment is appropriate in a case.  See Fed. R. Civ. 64(a).  Pursuant to the applicable North Carolina statute, "[a]ttachment may be had in any action the purpose of which . . . is to secure a judgment for money . . . ." N.C. Gen. Stat. § 1-440.2.  One of the grounds for obtaining an order of attachment is that the defendant is a nonresident or foreign corporation.  N.C. Gen. Stat. § 1-440.3(1)-(2).  It is undisputed that Defendants are either nonresidents or foreign corporations.

2

In order for the Court to issue an order of attachment, the moving party must submit an affidavit setting forth that plaintiff has commenced an action to secure a judgment for money, the amount of the potential judgment, the nature of the action, and the grounds for the attachment. N.C. Gen. Stat. § 1-440.11(a)(1). The North Carolina Statute also provides that the Court may "fix and determine all necessary procedural details in all instances in which the statute fails to make definite provision as to such procedure." N.C. Gen. Stat. § 1-440.9.

In support of its motion, Plaintiff submits the affidavit of Glenn Goldan, which states that Plaintiff seeks a money judgment of at least $212,500 against Defendants. (Goldan Aff. ¶ 4, Apr. 13, 2011.) The affidavit further states that "[u]pon information and belief, some or all of defendants. . . have participated in further real estate brokerage activities in North Carolina, under which these defendants may claim an interest in the net closing proceeds from real estate sales." (Goldan Aff. ¶ 7.) The affidavit contains no further information regarding the property Plaintiff seeks to attach, and it is based entirely upon information and belief that four entities, who are not named in the affidavit, may hold property of Defendants.

The affidavit submitted by Plaintiff is insufficient to warrant attaching the property at issue. The affidavit fails to set forth the amount of the property or who holds this property. Moreover, it is unclear from the affidavit whether the Defendants

currently hold an interest in the alleged "net closing proceeds." This Court will not resort to the extraordinary remedy of pre-judgment attachment based on the "information and belief" that a defendant "may claim an interest" in undisclosed proceeds of an unspecified amount that may be held by third parties not described in the affidavit. See Connolly v. Sharpe, 270 S.E.2d 564, 567 (N.C. Ct. App. 1980) (stating that attachment is an extraordinary remedy). Plaintiff will need to set forth with more particularity the property it seeks to attach, who holds the property, and Defendants' interest in said property in an affidavit prior to the Court issuing an order of attachment. Accordingly, the Court **DENIES without prejudice** Plaintiff's Motion for Attachment [# 48].

## II. Conclusion

The Court **DENIES** without prejudice the Motion for Attachment [# 48].

Signed: May 26, 2011

Dennis L. Howell
United States Magistrate Judge

4