# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv204
# [consolidating 1:10cv204 & 1:10cv233]

| | |
|---|---|
| RDLG, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RPM GROUP, LLC; RPM GROUP BROKERAGE, LLC; FRED M. LEONARD, III; JESSICA LEWIS LEONARD; JASON BENTON; NICK JAMES; and DEXTER HUBBARD, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| RPM GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RDLG, LLC; and GLENN G. GOLDAN, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Pending before the Court is the Motion to Dismiss Counterclaim [# 27] filed by RDLG, LLC. Plaintiff RDLG, LLC ("Plaintiff") brought this action against

Defendants RPM Group, LLC, RPM Group Brokerage, LLC, Fred M. Leonard, III, Jessica Lewis Leonard, Jason Benton, Nick James and Dexter Hubbard. Defendants RPM Group, LLC and RPM Group Brokerage, LLC (collectively, "Defendants") asserted a counterclaim against Plaintiff for breach of contract. Plaintiff moves to dismiss the counterclaim pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 27].

### I. Procedural Background

On September 20, 2010, RPM Group filed its Complaint with the Clerk of Superior Court of McDowell County, North Carolina, naming as defendants RDLG, LLC and Glenn G. Goldan. The Complaint attempted to allege a cause of action for breach of contract against RDLG, LLC and causes of actions for tortious interference with contract and defamation against Defendant Goldan. Subsequently, the action was removed to this Court. RDLG, LLC and Goldan then moved to dismiss the Complaint. RDLG, LLC and Goldan argued that the breach of contract claim was subject to dismissal on the ground that the contract at issue-the Marketing Agreement- was an illegal contract because RPM Group, LLC is not a licenced real estate broker in North Carolina.

Upon consideration of the Motion to Dismiss, this Court found that the

Marketing Agreement was facially invalid and unlawful and, therefore, not enforceable under North Carolina law. (Memorandum and Recommendations, Dec. 21, 2010, at 14-18.) The Court recommended that the District Court grant the Motion to Dismiss and dismiss the breach of contract claim. (Id.) Although RPM Group, LLC objected to the Court's conclusion in the Memorandum and Recommendations that the breach of contract claim was subject to dismissal, the District Court overruled its objections and dismissed the Complaint, including the breach of contract claim. As the District Court explained, the contract RPM Group, LLC entered into to sell real estate in North Carolina was illegal and unenforceable as a matter of law. (Order Accepting M&R, May 2, 2011, 7-9.) "Having entered into an illegal contract, RPM cannot now maintain a cause of action to recover commissions for the sales of these lots." (Id. at 9.)

Meanwhile, Plaintiff brought an action against Defendants RPM Group, LLC, RPM Group Brokerage, LLC, Fred M. Leonard, III, Jessica Lewis Leonard, Jason Benton, Nick James and Dexter Hubbard alleging fraudulent inducement, fraudulent misrepresentation, civil conspiracy, negligent misrepresentation, and unfair trade practices. (Pl.'s Compl. ¶¶ 61-85.) Defendants counterclaimed for breach of contract. (Def.'s Countercl. ¶¶ 17-20.) Plaintiff then moved to dismiss the counterclaim, in part, because the contract at issue is invalid and unenforceable. This counterclaim, however, is based on the same contract-the Marketing Agreement- that this Court and

Marketing Agreement was facially invalid and unlawful and, therefore, not enforceable under North Carolina law. (Memorandum and Recommendations, Dec. 21, 2010, at 14-18.) The Court recommended that the District Court grant the Motion to Dismiss and dismiss the breach of contract claim. (Id.) Although RPM Group, LLC objected to the Court's conclusion in the Memorandum and Recommendations that the breach of contract claim was subject to dismissal, the District Court overruled its objections and dismissed the Complaint, including the breach of contract claim. As the District Court explained, the contract RPM Group, LLC entered into to sell real estate in North Carolina was illegal and unenforceable as a matter of law. (Order Accepting M&R, May 2, 2011, 7-9.) "Having entered into an illegal contract, RPM cannot now maintain a cause of action to recover commissions for the sales of these lots." (Id. at 9.)

Meanwhile, Plaintiff brought an action against Defendants RPM Group, LLC, RPM Group Brokerage, LLC, Fred M. Leonard, III, Jessica Lewis Leonard, Jason Benton, Nick James and Dexter Hubbard alleging fraudulent inducement, fraudulent misrepresentation, civil conspiracy, negligent misrepresentation, and unfair trade practices. (Pl.'s Compl. ¶¶ 61-85.) Defendants counterclaimed for breach of contract. (Def.'s Countercl. ¶¶ 17-20.) Plaintiff then moved to dismiss the counterclaim, in part, because the contract at issue is invalid and unenforceable. This counterclaim, however, is based on the same contract-the Marketing Agreement- that this Court and

Marketing Agreement was facially invalid and unlawful and, therefore, not enforceable under North Carolina law. (Memorandum and Recommendations, Dec. 21, 2010, at 14-18.) The Court recommended that the District Court grant the Motion to Dismiss and dismiss the breach of contract claim. (Id.) Although RPM Group, LLC objected to the Court's conclusion in the Memorandum and Recommendations that the breach of contract claim was subject to dismissal, the District Court overruled its objections and dismissed the Complaint, including the breach of contract claim. As the District Court explained, the contract RPM Group, LLC entered into to sell real estate in North Carolina was illegal and unenforceable as a matter of law. (Order Accepting M&R, May 2, 2011, 7-9.) "Having entered into an illegal contract, RPM cannot now maintain a cause of action to recover commissions for the sales of these lots." (Id. at 9.)

Meanwhile, Plaintiff brought an action against Defendants RPM Group, LLC, RPM Group Brokerage, LLC, Fred M. Leonard, III, Jessica Lewis Leonard, Jason Benton, Nick James and Dexter Hubbard alleging fraudulent inducement, fraudulent misrepresentation, civil conspiracy, negligent misrepresentation, and unfair trade practices. (Pl.'s Compl. ¶¶ 61-85.) Defendants counterclaimed for breach of contract. (Def.'s Countercl. ¶¶ 17-20.) Plaintiff then moved to dismiss the counterclaim, in part, because the contract at issue is invalid and unenforceable. This counterclaim, however, is based on the same contract-the Marketing Agreement- that this Court and

the District Court have already determined is invalid as a matter of law. Plaintiff's Motion to Dismiss the counterclaim is now properly before the Court.

**II.     Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. \_\_\_\_, 129 S. Ct.

1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

The applicable North Carolina statute provides that:

**§ 93A-1. License required of real estate brokers.**
From and after July 1, 1957, it shall be unlawful for any person, partnership, corporation, limited liability company, association, or other business entity in this State to act as a real estate broker, or directly or indirectly to engage or assume to engage in the business of real estate broker or to advertise or hold himself or herself or themselves out as engaging in or conducting such business without first obtaining a license issued by the North Carolina Real Estate Commission (hereinafter referred to as the Commission), under the provisions of this Chapter. <u>A license shall be obtained from the Commission even if the person, partnership, corporation, limited liability company, association, or business entity is licensed in another state and is affiliated or otherwise</u>

<u>associated with a licensed real estate broker in this State.</u>

N.C. Gen. Stat. 93A-1 (2010) (emphasis added). It is a Class 1 misdemeanor to act as a real estate broker in North Carolina without a North Carolina license. N.C. Gen Stat. § 93A-8. It is undisputed that Defendant RPM Group, LLC is not licensed as a real estate broker in North Carolina. As this Court and the District Court previously explained, any contract entered into by Defendant RPM Group, LLC to sell real estate in North Carolina is illegal and unenforceable. (Order Accepting M&R at 8.) In fact, this Court has already determined that the contract forming the basis of Defendants' breach of contract counterclaim is invalid and unenforceable. Accordingly, the Court **RECOMMENDS** that the District Court grant the Motion to Dismiss Counterclaim [# 27] and dismisses Defendants' counterclaim.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1) the District Court **GRANT** the Motion to Dismiss Counterclaim [# 27] and **DISMISS** the Counterclaim in 1:10cv204 in its entirety for the reasons discussed above.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: June 10, 2011

Dennis L. Howell
United States Magistrate Judge