IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv204

| | |
|---|---|
| RDLG, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RPM GROUP, LLC; RPM GROUP BROKERAGE, LLC; FRED M. LEONARD, III; JESSICA LEWIS LEONARD; JASON BENTON; NICK JAMES; and DEXTER HUBBARD,<br><br>    Defendants. | **ORDER** |

Pending before the Court is the Motion to Compel [# 83]. Discovery in this case closed April 1, 2012. The motion deadline was May 1, 2012. On August 2, 2012, Plaintiff moved to compel Defendant Chip Leonard to appear for a deposition and for Defendants RPM Group, LLC and RPM Group Brokerage, LLC to respond to Plaintiff's Second and Third Requests for Production of Documents. The time for moving to compel Defendants to produce documents or appear for a deposition, however, has long since passed. Accordingly, the Court **STRIKES** Plaintiff's motion as untimely [# 83].

**I.    Analysis**

Rule 37 of the Federal Rules of Civil Procedure does not specify a specific time limit for the filing of a motion to compel. See Fed. R. Civ. P. 37; PCS

Phosphate Co. v. Norfolk Southern Corp., 238 F.R.D. 555, 558 (E.D.N.C. 2006). Absent a specific order from the Court in the scheduling order, a party must generally move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely. See Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases); Rudolph v. Buncombe Cnty Gov't, No. 1:10cv203, 2011 WL 5326187 (W.D.N.C. Nov. 4, 2011) (Howell, Mag. J.); Lane. v. Lucent Techs., Inc., No. 1:04cv789, 2007 WL 2079879 (M.D.N.C. Jul. 13, 2007). Courts in this district have repeatedly held that a motion to compel filed after the close of discovery and after the expiration of the motion deadline in the scheduling order is untimely. See e.g., Greene v. Swain Cnty P'ship for Health, 342 F. Supp. 2d 442, 449 (W.D.N.C. 2004) (Thornburg, J.) (denying motion to compel as untimely filed twenty-one days after the discovery deadline and six days after the motions deadline); ABT v. Juszczyk, No. 5:09cv119, 2011 WL 2375843 (W.D.N.C. Jun. 9, 2011) (Keesler, Mag. J.) (denying motion to compel as untimely filed forty-one days after the close of discovery and thirty-nine days after the motions deadline); Shenoy v. Charlotte-Mecklenburg Hosp. Auth., No. 3:08cv125, 2011 WL 3564424 (W.D.N.C. Aug. 12, 2011) (Keesler, Mag. J.).

Discovery in this case closed April 1, 2012, and the motion deadline was May 1, 2012. Plaintiff, however, did not file its Motion to Compel until August 2, 2012, over four months after the close of discovery and three month after the motion deadline. Although the parties may have continued conducting discovery

after the Court's deadline by mutual agreement, they may not seek a Court Order compelling the opposing party to respond to such discovery. Because the time for filing discovery motions and moving to compel the production of documents or the attendance at a deposition has long since expired, the Court **STRIKES** as untimely the Motion to Compel [# 83].

**II.  Conclusion**

The Court **STRIKES** the Motion to Compel [# 83].

Signed: August 6, 2012

Dennis L. Howell
United States Magistrate Judge