IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv204

| | |
|---|---|
| RDLG, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RPM GROUP, LLC; RPM GROUP )<br>BROKERAGE, LLC; FRED M. )<br>LEONARD, III; JESSICA LEWIS )<br>LEONARD; JASON BENTON; )<br>NICK JAMES; and DEXTER )<br>HUBBARD, )<br>)<br>Defendants. )<br>)<br>_____ ) | **ORDER** |

The Court held a pretrial conference in this case on October 3, 2012. At the hearing, Plaintiff orally moved for the imposition of sanctions pursuant to Rule 16(f) against Defendants RPM Group Brokerage, LLC, RPM Group, LLC, and Fred M. Leonard, III ("Defendants"). Accordingly, this case is now before the Court *sua sponte* based on the conduct of Defendants and their counsel at the conference and upon the oral motion of Plaintiff. The Court **GRANTS in part** the oral motion for sanctions and finds *sua sponte* that sanctions are warranted against Defendants and their counsel.

**I.  Background**

On August 10, 2011, the Court entered a Pretrial Order and Case Management Plan setting the trial in this case for September 4, 2012, before United

-1-

States District Court Judge Martin Reidinger. (Order, Aug. 10, 2011.) After the parties consented to the jurisdiction of a United States Magistrate Judge and, thus, this Court, the Court amended the Pretrial Order and rescheduled the trial for October 15, 2012. (Order, February 27, 2012.) Attorneys Seth Allen Neyhart and Terri Lankford, both of whom represent Defendants, entered appearances in this case on May 2, 2012.

The Court then entered an Order on September 6, 2012, directing the parties to appear at a pretrial conference at 9:30 a.m. on October 3, 2012. (Order, Sept. 6, 2012.) The Court's September 6, 2012, Order stated that "[c]ounsel for plaintiffs and defendants RPM Group, LLC, RPM Group Brokerage, LLC and Fred M. Leonard, III are required to be present." (Order, Sept. 6, 2012, at p. 1-2.) In addition, the Order stated that:

> Both the represented parties and the pro se parties are directed to review the Pretrial Order and Case Management Plan and particularly review the portion of the Pretrial Order and Case Management Plan entitled "V-TRIAL PROCEDURES". The parties are further directed to be in compliance with all provisions of the Pretrial Order and Case Management Plan as of the date and time of the pretrial conference.

(Order, Sept. 6, 2012, at p. 2.)

The Pretrial Order and Case Management Plan provides that counsel shall by the earlier of the date of the pretrial conference or one week before trial: (1) discuss the possibility of settlement, (2) exchange copies of exhibits, (3) number and become acquainted with all exhibits, (4) agree upon the issues and submit a description of the issues with the court, and (5) agree to stipulations of fact and file

them with the Court. (Order, Aug. 9, 2011, at pp. 8-9.) The Pretrial Order also required that the parties each submit proposed jury instructions by the date of the pretrial conference. (Order, Aug. 9, 2011, at p. 9.) Finally, the Order warns counsel that the failure to comply with these deadlines may result in the imposition of sanctions. (Order, Aug. 9, 2011, at p. 12.)

Subsequently, on Sunday, September 30, 2012, two business days prior to the pretrial conference and two weeks before the scheduled trial date, counsel for Defendants moved to postpone the pretrial conference and to withdraw as counsel. Both Attorney Neyhart and Lankford signed the pleadings. In the motions, counsel represented that she informed Defendant Leonard that she would no longer represent the Defendants in this matter after September 1, 2012. (Mot. Withdraw at p. 3; Mot. Postpone Pretrial Conf. at p. 1.) Counsel, however, was under the belief that Defendant Leonard would seek bankruptcy and did not move to withdraw as counsel at the time. (Mot. Withdraw at p. 3.) Counsel also represented in the motion that " Local Counsel Seth A. Neyhart has acted solely as local counsel on behalf of Counsel and has had no independent contact or communication with Defendants at this time." (Mot. Withdraw at p. 4.) The motion, however, acknowledged that Defendants did not have new counsel to represent them in this matter, as new counsel was being obtained solely to initiate bankruptcy proceedings. (Mot. Withdraw at p. 4; Mot. Postpone Pretrial Conf. at p. 1-2.)

At the same time counsel filed the Motion to Withdraw, Defendants moved

-3-

Case 1:10-cv-00204-DLH   Document 110   Filed 10/05/12   Page 3 of 17

to postpone the pretrial conference. In the motion, counsel acknowledged that she would "be out of the country on October 3rd." (Mot. Postpone Pretrial Conf. at p. 2.) Counsel, however, had not previously informed the Court on the docket of her anticipated international travel and waited until two business days prior to the pretrial conference to file a pleading informing the Court that she would not be able to attend. In addition, the motion stated that "Local Counsel has never communicated directly with Defendants and has been retained solely for the function of providing local counsel services. Local Counsel would not be able to meaningfully contribute to or participate in a Pre Trial Conference without the presence of Counsel or Defendants." (Mot. Postpone Pretrial Conf. at p. 2.)

The Court denied the Motion to Withdraw and Motion to Postpone Pretrial Conference on October 1, 2012. (Order, Oct. 1, 2012.) In it's October 1, 2012, Order, the Court stated that:

> Although counsel contends that she and local counsel ceased communications with Defendants on September 1, 2012, and that she has now scheduled a trip out of the country on the date of the pretrial conference, counsel waited until the eve of the pretrial conference to move to postpone the conference. Presumably, counsel did not book her trip out of the country on September 30, 2012, when she filed her motion. And even if she booked her trip after February 27, 2012, she did so with full knowledge that she was scheduled for trial starting October 15, 2012, and that a pretrial conference would need to be held immediately prior to trial.
>
> Similarly, counsel has waited until the eve of trial to move to withdraw as counsel. It appears to the Court that Defendants and counsel have engaged in such a tactic to delay the trial in this Court, and the Court will not allow either Terri Lankford or Seth Neyhart to withdraw as counsel at such a late date. This case will proceed to trial as scheduled. Moreover, the Court will not reschedule the pretrial conference. The Court also **INSTRUCTS** counsel for Defendants that the failure of either

-4-

> Terri B. Lankford or Seth A. Neyhart to appear at the pretrial conference
> will result in the Court finding counsel in contempt of Court.

(Order, Oct. 1, 2012.)

The next day, Attorney Lankford submitted a Declaration to the Court. According to the Declaration, Attorney Lankford, left the country on a flight at 6:00 a.m. on October 1, 2012. (Lankford Decl. ¶ 6, Oct. 2, 2012.) Attorney Lankford left the country despite the fact that: (1) she filed her motions on the Sunday the day before she was scheduled to leave the country on a 6:00 a.m. flight; (2) that the Court had not ruled on the motions at the time; (3) that the pretrial conference was scheduled for 9:30 am on October 3, 2012; and (4) that she previously represented to the Court that local counsel was unprepared to participate in the pretrial conference. Despite her prior representations to the Court, Attorney Lankford stated in her Declaration that she was under the belief that the presence of local counsel would be sufficient representation in accordance with Court's September 6, 2012, Order. (Lankford Decl. ¶ 5.) Finally, Attorney Lankford also declares that:

> Defendant Leonard then specifically asked me to not inform the Court until September 28, 2012, because he and his other attorney's believed that it would severely prejudice him in the resolution of other legal matters, including but not limited to, the execution of a refinance on Defendant's home, the sale of that home, the negotiation of federal tax liens, the settlement negotiation of another litigation matter, the execution of current and pending business deals, and the resolution of an investment conflict.

(Lankford Decl. ¶ 15(f)).

On October 3, 2012, the Court held the pretrial conference in this case. Attorney Lankford did not appear. Local Counsel Seth Neyhart appeared on behalf of Defendants. Defendant Leonard was also present. Attorney Neyhart, however, was wholly unprepared for the pretrial conference and had no knowledge of the case. As he admitted during the pretrial conference, he had served only as local counsel, had not interacted with Defendants previously, had not attended depositions, and had not read depositions in preparation for the pretrial conference. It appeared to the Court at the pretrial conference that Attorney Neyhart had virtually no knowledge of the case. As a result, the entire pretrial conference was largely a waste of time and resources.

In addition, Defendants had not prepared an exhibit list prior to the conference, and Attorney Neyhart seemed to lack any knowledge as to what exhibits might even be needed at trial. Although Defendants submitted proposed jury instructions and a trial brief, both appear to have been largely copied from the filings of Plaintiff. In fact, Defendants simply took large portions of Plaintiff's trial brief and cut and pasted it into their brief. It does not appear that Defendants undertook any independent research of the issues or the law in this matter.

At the close of the pretrial conference, Plaintiff's moved for the entry of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. Accordingly, the case is now before the Court on Plaintiff's oral motion and *sua sponte* based on the conduct of Defendant and their counsel.

**II. Analysis**

## A. Sanctions under Rule 16(f) are Warranted in this Case

Rule 16(f) of the Federal Rules of Civil Procedure provides that a Court may impose sanctions against a party or its attorneys, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), where a party or its attorney: (1) fails to appear at a pretrial conference; (2) is substantially unprepared to participate or does not participate in good faith in the conference; or (3) fails to obey a scheduling order or pretrial order. Fed. R. Civ. P. 16(f)(1); see also Young Again Prods., Inc. v. Acord, 459 Fed. App'x 294, 301 (4th Cir. 2011); Briggs v. City of Norfolk, 42 Fed App'x 585, 587 (4th Cir. 2002) (unpublished). The sanctions available under Rule 37(b) include striking pleadings, rendering default judgment, and finding the party or attorney in contempt. Fed. R. Civ. P. 37(b)(2)(A). In addition, Rule 16(f)(2) provides that:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses-including attorney's fees-incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2).

Due to the severity of a sanction entering default judgment against a defendant, the Fourth Circuit has set forth a fourth part test when determining whether such a sanction is appropriate under Rule 37(b). Acord, 459 Fed. App'x at 301. These four factors include:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of

noncompliance; and (4) the effectiveness of less drastic sanctions.

Mut. Fed. Sav. and Loan Ass'n v. Richards & Assoc., Inc., 872 F.2d 88, 92 (4th Cir. 1989); see also Acord, 459 Fed. App'x at 301.

Upon a review of the entire record in this case and based on the conduct of Defendant and counsel for Defendant at the pretrial conference and leading up to the conference, the Court finds that sanctions are warranted under Rule 16(f). As a threshold matter, despite two Court Orders directing counsel to appear at the pretrial conference, Attorney Lankford failed to appear. The Court's October 1, 2012, Order even warned her that the failure to appear may result in the Court finding her in contempt. Although she contends that she was "out of the country," Attorney Lankford had been aware that the pretrial conference was scheduled for October 3, 2012, for nearly a month.[1] Morever, the trial in this case has been scheduled to begin October 15, 2012, since February of this year. Although at some point Attorney Lankford states that she booked a non-refundable trip out of the country, she waited until 11:23 p.m. on Sunday, September 30, 2012, to file her Motion to Withdraw and until 11:19 p.m. to file her Motion to Continue, despite the fact that she was scheduled to depart on a plane a little over six hours later at 6:00 a.m. on October 1, 2012. Accordingly, Attorney Lankford's absence at the

---

[1] The Court finds it curious that in neither the motions nor the Declaration, Attorney Lankford states what country she was in or when she actually booked the trip. When the Court asked Attorney Neyhart at the pretrial conference where Attorney Lankford was at the time, he stated that he was not sure but believed it was somewhere in the "islands" and that he thought she was in Puerto Rico. Puerto Rico, of course, is a territory of the United States. Thus, being in Puerto Rico would not constitute being "out of the country" and the statements in the Declaration and other pleadings would be untruthful.

pretrial conference was not substantially justified and sanctions against her under Rule 16(f) for failure to attend are warranted.

Similarly, sanctions against Attorney Neyhart are also warranted under Rule 16(f). Although Attorney Neyhart appeared at the pre-trial conference, he had zero knowledge of the case and was wholly and completely unprepared to participate in the pretrial conference in a meaningful or substantive manner. Attorney Neyhart could not answer any of the Court's questions regarding the case, had no knowledge of the facts of the case, and had no knowledge as to what would be required for trial. In fact, the entire pretrial conference was largely a waste of time for Plaintiff and the Court because no attorney for Defendants was present with any actual knowledge of the case. In addition, Defendants failed to prepare an exhibit list as ordered by the Court in its prior Orders and Attorney Neyhart had no knowledge as to what exhibits may even be needed at trial. Finally, even though Defendants did file a trial brief and jury instructions, a thorough review of both by the Court reflects that both documents were largely copied from the documents previously filed by Plaintiff.

As a result of the failure to obey the Court's scheduling orders by Defendants and their counsel, the failure of Attorney Lankford to attend the pretrial conference as ordered, and the failure of Attorney Neyhart to come to the pretrial conference substantially prepared to participate, the Court finds that sanctions under Rule 16(f) are warranted against Defendants and their counsel in this case. Moreover, after a careful review of the record, the relevant legal authority, and

after the benefit of hearing from counsel at the pretrial conference, the Court finds that the noncompliance was not substantially justified and no circumstances make an award of expenses unjust. Accordingly, this Court must order Defendants and their counsel to pay the reasonable expenses of Plaintiff, including attorneys' fees incurred from the noncompliance. Fed. R. Civ. P. 16(f)(2). Finally, although Plaintiff requests the entry of a default judgment as a sanction, the Court finds that such a harsh sanction is not yet justified in this case. The Court makes this determination after considering the the relevant factors set forth by the Fourth Circuit. The Court has carefully considered the conduct of the parties and counsel and the record and finds that the sanctions set out below are appropriated under Rule 16(f) and will deter future conduct of this type. The Court, therefore, sanctions Defendants and their counsel as follows:

(1) The Court **AWARDS** Plaintiff its reasonable expenses, including its attorneys' fees, in preparing for and attending the pretrial conference. The Court **DIRECTS** the parties to confer as to the reasonable amount of such an award. If the parties cannot resolve the reasonable amount of such an award, the Court **DIRECTS** counsel for Plaintiff to file an affidavit within five (5) days of the entry of this Order setting forth the expenses occurred and the Court will determine whether such an amount is reasonable under the applicable law. Such expenses shall be paid equally by Defendant Fred M. Leonard, III, Attorney Lankford, and Attorney Neyhart.

-10-

(2) The Court **SANCTIONS** Attorney Neyhart pursuant to Rule 16(f)(1)(B) and (C) in the amount of $2500.00. Such sanction should by paid to the Clerk of Court within five (5) days of the entry of this Order.

(3) The Court **SANCTIONS** Attorney Lankford pursuant to Rule 16(f)(1)(A) and (C) in the amount of $5000.00. Such sanction should by paid to the Clerk of Court within five (5) days of the entry of this Order.

(4) The Court **SANCTIONS** Defendants RPM Group Brokerage, LLC, RPM Group, LLC, and Fred M. Leonard, III each $2500.00 pursuant to Rule 16(f)(1)(C) and for the conduct of its counsel. Such sanction should by paid to the Clerk of Court within five (5) days of the entry of this Order.

(5) The failure of Defendants or counsel to comply with this Order within the time frame set forth in this Order will result in the Court striking the answer of Defendants and entering default judgment against Defendants and/or the instigation of contempt proceedings against counsel.

**B. Sanctions against Defendants and Counsel are also Warranted under the Inherent Power of the Court**

It is now well settled that a district court has the inherent power to sanction conduct that constitutes an abuse of the judicial process. Hensley v. Alcon Labs., Inc., 277 F.3d 535, 542 (4th Cir. 2002); Silvestri v. Gen. Motors Corp., 271 F.3d

583, 590 (4th Cir. 2001); United States v. Shaffer Equip. Co., 11 F.3d 450, 461-62 (4th Cir. 1993). "The policy underlying this inherent power of the courts is the need to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth." Silvestri, 271 F.3d at 590. The most powerful sanction in the district court's quiver is its inherent power to dismiss a case with prejudice. Shaffer, 11 F.3d at 462; Hensley, 277 F.3d at 542. "Since orders dismissing actions are the most severe, such orders must be entered with the greatest caution." Shaffer, 11 F.3d at 462.

As a result of the severity of the sanction, a district court may only dismiss an action with prejudice upon a finding of bad faith or similar abuse of the judicial process. Hensley, 277 F.3d at 542. As the Fourth Circuit explained in Shaffer, "when a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action." 11 F.3d at 462. To aid district courts in wielding their inherent power, the Fourth Circuit has set forth six factors that courts must consider prior to dismissing a case with prejudice. Id. These six factors include:

> (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed person, and deterring similar conduct in the future; and (6) the public interest.

Id. at 462-63.

The Court finds that Defendants and counsel filed the Motion to Withdraw and Motion to Continue in bad faith as a means of delaying this case and prohibiting the trial of this case from going forward on October 15, 2012. According to Attorney Lankford, she was no longer representing Defendants after September 1, 2012, but she waited a month to move to withdraw. She states that she did so at the express instruction of Defendant Leonard. The only reasonable explanation for such conduct is that the motion to withdraw was filed with the express intention of delaying the trial and pre-trial conference in this case. If Attorney Lankford had in fact ceased representing Defendants as of September 1, 2012, as expressly stated in her Motion to Withdraw, she should have immediately moved to withdraw, irrespective of the instructions of her "former" client. Instead, Defendants and Attorneys Lankford and Neyhart timed the filing of the Motion to Withdraw to attempt to delay the pretrial conference and the trial in this case. Such conduct by both Defendants and their counsel constitutes an assault on the integrity of this Court and warrants the imposition of sanctions.

Moreover, the actions of Defendants and their counsel at the pretrial conference and leading up the conference made a mockery of the judicial process. Such abuses of the judicial process must be sanctioned in order to protect the integrity of the federal court system. Accordingly, as an alterative holding, the Court finds that the sanctions imposed under Rule 16(f) are independently warranted under the inherent power of the Court. The Court, however, warns

Defendants that any future dilatory conduct <u>will</u> result in the Court striking their Answers and entering default judgment against them.

### C. Rule 11 Sanctions Against Attorney Lankford and Neyhart May be Required in this Case

Rule 11 provides that by signing and presenting a paper to the Court, that the attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the pleading or paper is not presented for an improper purpose such as to cause unnecessary delay and that the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). In her Declaration, Attorney Lankford states that she believed that the presence of local counsel would be sufficient representation at the pretrial conference. Just two days prior, however, counsel moved to continue the pretrial conference partially because local counsel had no knowledge of the case. At the pretrial conference it became clear that local counsel in fact had no knowledge of the case and was completely unprepared to participate in the conference. The Court finds that this statement in the Declaration contradicts the prior pleadings signed by counsel and the experience of the Court at the pretrial conference. In addition, the Court finds that the statement is not credible and lacks any basis in fact such that Attorney Lankford could have, in good faith, believed that the presence of only local counsel would be sufficient for the pretrial conference.

Moreover, it appears to the Court based on the representations in the Declaration that Defendants and Attorney Lankford and Attorney Neyhart waited to filed the Motion to Withdraw and Motion to Continue in bad faith in order to

cause unnecessary delay in this case. Finally, the Court has serious concern regarding the factual acturacy of other statements in the Declaration and pleadings, including whether Attorney Lankford was in fact in another country as she stated. Accordingly, the Court **DIRECTS** Attorney Lankford and Attorney Neyhart to Appear at a hearing at 10:00 a.m. on Thursday, October 11, 2012, in Courtroom 2 at the United States District Court Western District of North Carolina, Asheville Division, 100 Otis Street, Asheville, North Carolina and **SHOW CAUSE** why they should not be further sanctioned under Rule 11.

### III. Conclusion

The Court **GRANTS in part** the oral motion for sanctions and finds *sua sponte* that Defendants and their counsel are subject to sanctions. The Court **DIRECTS** the parties as follows:

(1) The Court **AWARDS** Plaintiff its reasonable expenses, including its attorneys' fees, in preparing for and attending the pretrial conference. The Court **DIRECTS** the parties to confer as to the reasonable amount of such an award. If the parties cannot resolve the reasonable amount of such an award, the Court **DIRECTS** counsel for Plaintiff to file an affidavit within five (5) days of the entry of this Order setting forth the expenses occurred and the Court will determine whether such an amount is reasonable under the applicable law. Such expenses shall be paid equally by Defendant Fred M. Leonard, III, Attorney Lankford, and Attorney Neyhart.

-15-

(2) The Court **SANCTIONS** Attorney Neyhart pursuant to Rule 16(f)(1)(B) and (C) in the amount of $2500.00. Such sanction should by paid to the Clerk of Court within five (5) days of the entry of this Order.

(3) The Court **SANCTIONS** Attorney Lankford pursuant to Rule 16(f)(1)(A) and (C) in the amount of $5000.00. Such sanction should by paid to the Clerk of Court within five (5) days of the entry of this Order.

(4) The Court **SANCTIONS** Defendants RPM Group Brokerage, LLC, RPM Group, LLC, and Fred M. Leonard, III each $2500.00 pursuant to Rule 16(f)(1)(C) and for the conduct of its counsel. Such sanction should by paid to the Clerk of Court within five (5) days of the entry of this Order.

(5) The failure of Defendants or counsel to comply with this Order within the time frame set forth in this Order will result in the Court striking the answer of Defendants and entering default judgment against Defendants and/or the instigation of contempt proceedings against counsel.

(6) In the alternative, the Court **AWARDS** sanctions against Defendants and their counsel in the same amount under the inherent power of the Court.

(7) The Court **DIRECTS** Attorney Landford and Attorney Neyhart to

Appear at a hearing at 10:00 a.m. on Thursday, October 11, 2012, in Courtroom 2 at the United States District Court Western District of North Carolina, Asheville Division, 100 Otis Street, Asheville, North Carolina and **SHOW CAUSE** why they should not be further sanctioned under Rule 11.

Signed: October 4, 2012

Dennis L. Howell
United States Magistrate Judge