## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:10cv204

| | | |
|---|---|---|
| RDLG, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RPM GROUP, LLC; RPM GROUP | ) | ORDER |
| BROKERAGE, LLC; FRED M. | ) | |
| LEONARD, III, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Previously, the Court entered an Order directing Attorneys Seth Neyhart and Terri Lankford to appear and Show Cause why they should not be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Order, Oct. 5, 2012.) On October 11, 2012, the Court held a hearing and heard from Attorneys Neyhart and Lankford. The Court also heard from counsel for Attorney Lankford and counsel for Plaintiff. After considering the record and the statements of counsel during the hearing, the Court finds that Rule 11 sanctions are not warranted in this case against either Seth Neyhart or Terri Lankford. Accordingly, no further sanctions will be levied against Attorneys Seth Neyhart and Terri

Lankford.

Pursuant to the oral Order of the Court at the hearing, and for the reasons stated at the hearing, the Court finds that further sanctions against Defendants are warranted pursuant to Rule 16 and the inherent power of this Court. Previously, the Court directed Defendants to each pay $2500.00 to the Clerk of Court within the time frame set by the Order. (Order, Oct. 4, 2012, at p. 16.) In addition, the Court ordered Defendant Leonard to confer regarding the award of attorneys' fees and to pay Plaintiff's reasonable fees incurred in attending the Pretrial Conference. (Id. at p. 15.) In its Order, the Court warned Defendants that the "failure of Defendants . . . to comply with this Order within the time frame set forth in this Order will result in the Court striking the answer of Defendants and entering default judgment against Defendants . . . ." (Id. at 16.) Despite this warning, Defendants failed to comply with the Court's Order.

Moreover, as the Court stated on the record during the hearing, Defendants have plotted and schemed to delay and undermine the trial in this matter. Defendants manipulated counsel into believing that all three Defendants would take bankruptcy in this matter prior to the Pretrial Conference in this case when, in fact, only one Defendant took bankruptcy and did so after the Pretrial Conference and on the eve of trial. In addition, Defendants undermined counsel's ability to

prepare for the Pretrial Conference and for the trial.[1]

Based on the Defendants' continued failure to comply with the Orders of this Court and their conduct in undermining these proceedings, and for the reasons stated at the hearing, the Court finds that the entry of default judgment against Defendants is warranted in this case. The Court finds that Defendants have acted in bad faith throughout these proceedings to the prejudice of Plaintiff, the judicial process, and the administration of justice. Defendants have repeatedly attempted to delay these proceedings and have shown complete disregard for the judicial system and this Court. Moreover, it is the conduct of Defendants that is the most culpable in this case. This is not a case where the Court is sanctioning a blameless client solely for the conduct of his or her attorney.

It is also clear to the Court that less drastic sanctions would be of no avail in this matter. The Court levied significant monetary sanctions against Defendants in its October 4, 2012, Order. Although counsel complied with the Court's October 4, 2012, Order, Defendants did not. The Court even warned Defendants that the failure to comply would result in the Court striking their answer and entering

---

[1] The Court notes, however, that this finding does not undercut the Court's prior findings as to the role that counsel for Defendants played in this case, and the prior sanctions against counsel pursuant to Rule 16 and the Court's inherent authority were appropriate and necessary based on all the circumstances in this case.

default judgment. Defendants, however, disregarding this warning and have failed to comply with the Court's Order. Accordingly, the Court finds that the only effective sanction remaining against Defendants is to strike their answer and enter default judgment against them. The entry of default judgment is necessary to punish Defendants for their conduct in this case and to deter conduct like this in the future, both from Defendants and others. Finally, the Court finds that such a sanction is necessary to protect the public interest in maintaining the integrity of the judicial system and preventing a party to a civil lawsuit from undermining the judicial system and the power of the Court.

The Court **DIRECTS** the Clerk to **STRIKE** the Answer [# 26] as to Defendants Fred M. Leonard, III, RPM Group Brokerage, LLC, and RPM Group, LLC for their failure to comply with the Court's October 5, 2012, Order and for their continued conduct in this case. The Court further **DIRECTS** the Clerk to enter **DEFAULT JUDGMENT** against Defendants Fred M. Leonard, III, RPM Group Brokerage, LLC, and RPM Group, LLC as to the issue of liability in this case.

Pursuant to the Stipulation of Damages Award in Default Judgment [# 117] agreed upon by the parties, the Court **DIRECTS** the Clerk to **ENTER JUDGMENT** against Defendants RPM Group Brokerage, LLC, and RPM Group,

LLC in the amount of $257,500.00.   No costs or attorney fees will be awarded, and this amount shall represent the full amount of damages awarded against Defendants RPM Group Brokerage, LLC, and RPM Group, LLC.

Finally, the Court **CONTINUES** the trial in this case as to Defendant Leonard.  The Court **STAYS** this case as to Defendant Leonard and **DIRECTS** the Clerk to **ADMINISTRATIVELY CLOSE** this Case. Either party may move to lift the stay and reopen this case within thirty (30) days of the termination of the bankruptcy proceedings.  The Court will then reopen this case, lift the stay, and set this case for trial as to the amount of damages against Defendant Leonard.

Signed: October 19, 2012

Dennis L. Howell
United States Magistrate Judge