# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv204

| | |
|---|---|
| RDLG, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RPM GROUP, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion to Lift Stay [# 121]. Previously, the Court directed the Clerk to enter default judgment against Defendant Fred M. Leonard as a sanction for his continued disregard for this Court and its Orders. (Order, Oct. 19, 2012.) The Court also stayed the case pending the termination of the bankruptcy proceedings. (Id.) The Court directed the parties that either party could move to lift the Court's stay in these proceedings within thirty (30) days of the termination of the bankruptcy proceedings. (Id.)

Although the bankruptcy proceedings are ongoing, on June 10, 2014, the Bankruptcy Court entered an order finding that the Plaintiff was free to pursue its fraud claim in this Court against Defendant Leonard. (Ex. D. to Pl.'s Mot. Lift Stay.) Accordingly, on July 1, 2014, Plaintiff moved the Court to lift the stay and

set this case for trial as to the issue of damages.  In response, Defendant Leonard contends that the motion was untimely because it was not brought within the thirty day time period as directed by the Court.

Defendant Leonard's argument is without merit, and appears to be nothing more than another attempt by Defendant Leonard to delay these proceedings, waste the Court's resources, and further hinder the administration of justice.   As a threshold matter, the bankruptcy proceedings have not terminated, and are ongoing.   Plaintiff could have waited until the final termination of the bankruptcy proceedings to move to lift the stay.  The fact that the Bankruptcy Court found that the automatic stay expired on an earlier date and that no injunction prevented Plaintiff from pursuing its fraud claim in this Court is irrelevant.  It is this Court's October 19, 2012, Order that governs the entry of the stay and the timing for lifting the stay, and the language of the Court's Order is clear and unambiguous.  Plaintiff's motion is timely.

Because the Bankruptcy Court has determined that the fraud claim is no longer subject to any automatic stay or injunction, the Court will lift the stay in this case prior to the final termination of the bankruptcy proceedings.  The Court **GRANTS** the motion [# 121].  The Court **DIRECTS** the Clerk to **LIFT** the **STAY** in these proceedings and **REOPEN** this case.  The Court **DIRECTS** counsel for

both parties to confer and jointly submit a report to this Court within ten (10) days of the entry of this Order setting forth whether the parties desire a bench or jury trial, the estimated length of the trial, and any dates that counsel is unavailable for trial between now and January 1, 2015. Upon receipt of this joint report, the Court will enter an Order setting a pretrial conference and a trial date.

Signed: August 13, 2014

Dennis L. Howell
United States Magistrate Judge