# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv204

| | |
|---|---|
| RDLG, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RPM GROUP, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court are the Motion for Leave to Register Judgment [# 182] and Motion for Writ of Execution [# 180]. Plaintiff moves the Court to issue a writ of execution against Defendant Fred M. Leonard, Jr. a/k/a Chip Leonard ("Defendant"). In addition, Plaintiff moves for leave to register the Judgment in another jurisdiction. Upon a review of the record and the relevant legal authority, the Court **GRANTS** the motions [# 180 & # 182].

## I. Analysis

### A. Motion for Writ of Execution[1]

On January 14, 2015, Plaintiff obtained a Judgment against Defendant in the

---

[1] Previously, the Court directed the parties to brief the issue of whether the Court retained jurisdiction to rule on the various motions filed by Plaintiff. Upon a review of the parties' pleadings, the record, and the relevant legal authority, the Court finds that the filing of the appeal by Defendant Leonard did not deprive the Court of jurisdiction to resolve Plaintiff's motions.

-1-

amount of $500,580.36 plus interest and costs. Plaintiff now moves the Court to issue a writ of execution on the Judgment. Defendant, who is represented by counsel, did not respond to Plaintiff's motion.

Pursuant to Rule 69(a)(1):

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Because fourteen days have passed since the entry of the Judgment and Defendant has neither obtained a stay as of right by giving a supersedeas bond or otherwise sought to stay the execution of the Judgment pending appeal, Fed. R. Civ. P. 62, the issuance of a writ of execution on the Judgment against Defendant Leonard is warranted in this case. Moreover, the only evidence before the Court is that Defendant Leonard is a resident of Tennessee. (Def. Leonard's Am. Answer ¶ 4; Shook Decl. Ex. A, at 1.) Defendant Leonard did not respond to Plaintiff's motion and has not offered any argument or evidence to challenge Plaintiff's contention that he is still a resident of Tennessee. Accordingly, no residency hearing is necessary in this case prior to the issuance of the writ, and, as a nonresident, the Court need not afford Defendant Leonard the opportunity to assert exceptions available to North Carolina residents. See generally First Union Nat'l Bank v.

Rolfe, 367 S.E.2d 367, 368-69 (N.C. Ct. App. 1988). The Court **GRANTS** the motion [# 180].

**B. Motion for Leave to Register Judgment**

Plaintiff moves for leave to register the Judgment against Defendant Leonard in another judicial district. Defendant Leonard did not file a response to the motion.

Pursuant to 28 U.S.C. § 1963, a judgment may be entered in another district when the judgment has become final or where ordered by the court that entered the judgment upon a showing of good cause. The Judgment in this case is not yet final, so Plaintiff seeks an order from this Court allowing it to register the Judgment in another district. "Good cause exists when the defendant has substantial property in the foreign district and insufficient property in the rendering district to satisfy the judgment." United States v. D'Elegance Mgmt. Ltd., Inc., 217 F.3d 843, 2000 WL 966034, at *8 (4th Cir. Jul 13, 2000) (unpublished); see also Rubbermaid Inc. v. Signalife, Inc., No. 3:07cv33-RJC, 2009 WL 242991, at *1 (W.D.N.C. Jan. 30, 2009) (Conrad, C.J.); E.I. Du Pont De Nemours & Co. v. Kolon Indus., Inc., Civil Action No. 3:09cv058, 2012 WL 1203327, at *2 (E.D. Va. Apr. 10 2012).

Plaintiff has demonstrated good cause exists to register the Judgment in

another district pursuant to Section 1963. First, Defendant did not file a supersedeas bond or otherwise move to stay the entry of Judgment in this case. Second, the only evidence before the Court is that Defendant is a resident of Tennessee. Plaintiff contends that Defendant's only asset in North Carolina is his membership interest in a North Carolina limited liability corporation, and that he has substantial assets in Tennessee. Defendant did not respond to the motion or contest Plaintiff's assertion that he has substantial assets in Tennessee. Third, based on Defendant's prior conduct in this case, which gave rise to the entry of sanctions and a default judgment, the Court finds that Plaintiff's concerns that Defendant may transfer or otherwise conceal property necessary to satisfy the Judgment in this case is justified. Accordingly, the Court finds that Plaintiff has shown good cause under Section 1963 to register the Judgment in Tennessee and elsewhere. The Court **GRANTS** the motion [# 182].

**II.    Conclusion**

The Court **GRANTS** the motions [# 180 & # 182]. The Court **DIRECTS** Plaintiff to provide the Clerk with sufficient information to allow for a writ of execution to be served on Defendant Fred M. Leonard, Jr. a/k/a Chip Leonard. The Court also **GRANTS** Plaintiff leave pursuant to Section 1963 to register the Judgment in Tennessee or elsewhere.

Signed: July 3, 2015

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge

