IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10 CV 204

| | |
|---|---|
| RDLG, LLC, | ) |
| | ) |
| Plaintiff | ) |
| | ) **ORDER** |
| v | ) |
| | ) |
| RPM GROUP, LLC; RPM GROUP | ) |
| BROKERAGE, LLC; FRED M. LEONARD, | ) |
| JR. a/k/a CHIP LEONARD; JESSICA LEWIS | ) |
| LEONARD; JASON BENTON; NICK JAMES; | ) |
| and DEXTER HUBBARD, | ) |
| | ) |
| Defendants | ) |

**THIS MATTER** is before the Court pursuant to Plaintiff's Motion to Compel (#192), the response of the Defendant Fred M. Leonard, Jr. (#196), and the reply of the Plaintiff (#197). The Court now enters the following Order:

**I. Background.**

On January 14, 2015, based upon a jury verdict entered on January 13, 2015 (#178), this Court entered a Judgment (#179) in favor of the Plaintiff against the Defendant Fred M. Leonard, Jr. in the amount of $500,580.36. Thereafter, on February 4, 2015, Plaintiff served the First Set of Interrogatories for Production and Aid of Judgment (#192) upon Defendant's counsel. Having received no response to either the interrogatories or the request for production of documents, on March 20,

1

2015, the Plaintiff filed a Motion to Compel (#192) pursuant to Rule 37(a) and Rule 69(a)(2) of the Federal Rules of Civil Procedure requesting the Court issue an order compelling Defendant Leonard to provide written responses to the interrogatories and to produce the documents requested.

On April 6, 2015, Defendant Leonard filed a Motion for Extension of Time to Respond to the Plaintiff's Motion to Compel Responses to Post-Judgment Discovery Requests From Chip Leonard (#194). Defendant did not file a motion to extend the time to respond to the interrogatories or the request for production of documents. Such time had previously expired on March 9, 2015 (#192, p. 2). The Motion to Extend Time to Respond to the Plaintiff's Motion to Compel was allowed. (#195)

On April 13, 2015, Defendant responded to the Motion to Compel (#196). In the response, Defendant declined to answer the interrogatories that exceeded 25 in number and objected to interrogatories, that being numbers 26 through 47. Plaintiff filed a Reply (#197) in which Plaintiff contended the answers provided by Defendant Leonard to the interrogatories numbers 1 through 25 were false and Defendant had failed to provide the documents requested in the request for production of documents. In a Supplemental Memorandum in Support of the Motion to Compel (#205) filed on June 11, 2015, Plaintiff made further contentions that answers given by the Defendant Leonard to several of the 25 interrogatories that were responded to were false and that Leonard should be ordered to immediately make full and

complete responses to the request for production of documents, answer all interrogatories, and pay the Plaintiff's fees incurred as a result of making the Motion to Compel (#205).

**II. Analysis.**

(a) Standard of Review

Whether to grant or deny a motion to compel is generally left within the District Court's broad discretion. Lone Star Steakhouse and Salon, Inc. v. Alpha VA., Inc., 43 F.3d 922, 929 (4th Cir. 1995)

In reviewing the Motion to Compel it appears that under the facts of this case, Rule 69, Rule 33, and Rule 34 of the Federal Rules of Civil Procedure apply:

> **Rule 69. Execution**
> **(a)    In General**.
>
> **(1)   Money Judgment; Applicable Procedure**. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution---and in proceeding supplementary to and in aid of judgment or execution---must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> **(2) Obtaining Discovery.** In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person---including the judgment debtor---as provided in these rules or by the procedure of the state where the court is located.

Rule 33 of the Federal Rules of Civil Procedure provides as follows:

**Rule 33. Interrogatories to Parties**
**(a) In General.**

**(1) Number.** Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

**(2) Scope.** An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pre-trial conference or some other time.

**(b) Answers and Objections.**
   **(1) Responding Party.** The interrogatories must be answered:
      **(A)** by the party to whom they are directed; or
      **(B)** if that party is a public or private corporation, a partnership,
      an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

   **(2) Time to Respond.** The responding party must serve its answers ad any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

   **(3) Answering Each Interrogatory.** Each interrogatory must, To the extent it is not objected to, be answered separately and fully in writing under oath**.**

   **(4) Objections.** The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause,

excuses the failure.

    **(5) Signature.** The person who makes the answers must sign them, and the attorney who objects must sign any objections.

Rule 34(b)(2) of the Federal Rules of Civil Procedure provides with respect to request for production of documents as follows:

    **(2)**     **Responses and Objections.**
    **(A)**     Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

    **(B)**     Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

    **(C)**     Objections. An objection to part of a request must specify the part and permit inspection of the rest.

    **(D)**     Responding to the Request for Production of Electronically Stored Information. The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form---or if no form was specified in the request---the party must state the form or forms it intends to use.

    **(E)**     Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
    (i)     A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.

> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

(b) <u>The Interrogatories</u>.

Plaintiff served upon Defendant 47 interrogatories (#192-1) Rule 33(a)(1) of the Federal Rules of Civil Procedure states, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." F.R.C.P. 33(a)(1). The Pretrial Order and Case Management Plan (#60) entered in this matter provides that the parties were to propound no more than 20 single part interrogatories. In this case, however, Defendant allowed the time for answering the interrogatories expire, and after doing so, Defendant refused to answer interrogatories 26 through 47. In refusing to answer, the Defendant provided this answer to interrogatories 26 through 47.

> ANSWER: Defendant, Fred Mr. Leonard, Jr., objects to this interrogatory pursuant to Rule 33(a), F.R.C.P. upon grounds that it exceeds the number of interrogatories which may be served upon a party in the absence of a stipulation or leave of court.

Defendant did not respond nor raise any objection in a timely manner to the Plaintiff's discovery request. As such, Defendant's right to assert any objection to

6

the discovery request is now waived. In the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection. National Fire Ins. Co. of Hartford v. Jose Trucking, Corp., 264 F.R.D. 233 (W.D.N.C. 2010). The interrogatories in this case was served by mail on February 4, 2015. The time to respond expired on March 9, 2015. On April 6, 2015, Defendant filed a Motion for Extension of Time to Respond to the Plaintiff's Motion to Compel (#194) but did not request an extension of time to answer the interrogatories or to respond to the request for production of documents. By failing to provide the responses, Defendant's objection to answering all the interrogatories are waived.

Additionally, the Court has determined the Defendant's responses to the interrogatories may have been deficient, if not completely false. It appears Defendant answered interrogatories 7, 8, 22(a), and 22(a)-(h) in a fashion which indicated that he has not had nor does he have any assets. Plaintiff has now produced bank records of Defendant from Sun Trust Bank (#205-1) and Wells Fargo Bank (#205-3) that indicate Defendant's answers were false. This factor is weighed in favor of granting the Motion to Compel. Plaintiff is entitled to truthful and complete answers to the interrogatories from the Defendant. This Court will order that Defendant be required to answer all interrogatories, including those for which he has provided previous answers. Defendant is cautioned that an untruthful or incomplete

answer will not be tolerated by the Court.

    (c)    <u>The Request for Production</u>

Defendant did not respond to the request for production of documents by March 9, 2015. When the Defendant finally responded on April 7, 2015, the documents requested were not produced for request four through 13, 15 through 17, 19, 22 through 25, and 27 through 29, and the response of the Defendant to those requests was exactly the same.

> RESPONSE: To the extent that I have custody of such documents, they will be produced for inspection and copying at the office of my attorney located at 923 N. Washington Street, Tullahoma, Tennessee at such date and time as plaintiff requests.

The Court considers this response to the request for production of documents to be deficient. First of all, it appears that Defendant has not provided the documents that were requested. Second, Rule 34 of the Rules of Civil Procedure do not allow Defendant to respond in the manner in which he has responded. The Rule states:

> A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.

Rule 34(b)(2)(E)(i)

Requiring a party in a case pending in this Court to travel to the office of an unnamed attorney in Tullahoma, Tennessee, who, to this Court's knowledge has never made an appearance in this case, to obtain documents, does not comply with

8

the Federal Rules of Civil Procedure. It is the obligation of the Defendant to produce the documents as provided by the Rule.

Defendant was required to produce the documents within 30 days after service of the request to produce. The date production was to be made was on or before Mach 9, 2015. It has now been in excess of four months and since that date, it appears from Plaintiff's Supplemental Memorandum (#205), the documents have still not been delivered by the Defendant to the Plaintiff. The Defendant will be required by this Court to produce the documents forthwith.

For the reasons set forth above, the Plaintiff's Motion to Compel (#192) will be allowed. The Defendant will be ordered to provide full, complete and truthful answers to each and every interrogatory presented to him and to provide at the office of Plaintiff's counsel, all documents requested as a result of the request for production of documents.

III. Fees

Where a Motion to Compel is granted, Rule 37(a)(5)(A) of the Fed. R. Civ. P. provides as follows:

> **(5) Payment of Expenses; Protective Orders.**
> **(A)** If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed---the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees. But the court must not order this payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

**(C)** <u>If the Motion is Granted in Part and Denied in Part.</u> If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. Rule 37(a)(5)(A)&(C)

The undersigned has granted the Motion to Compel in all respects. As a result, the rule requires the undersigned to provide the Plaintiff and the Defendant an opportunity to be heard on the issue of fees and expenses. The Plaintiff is ordered to file by August 25, 2015 affidavits concerning the number of hours reasonably expended on the Motion to Compel, including the hourly rate of charge. In preparing the affidavits, the Plaintiff should address all factors as enumerated in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974) as modified by <u>Hensley v. Echerhart</u>, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed2d 40 (1983). The Plaintiff should also address in the affidavits the concerns of the Fourth Circuit Court of Appeals as set forth in <u>Robinson v. Equifax Information Services, LLC</u>, 560 F.3d 235, 243-244 (4th Cir.2009) regarding additional affidavits necessary to establish the prevailing market rates in the relevant community and reasonableness of the amount

of time. The Court will consider the relevant community to be the United States District Court for the Western District of North Carolina, Asheville Division. The Defendant shall be allowed to object in writing to the affidavits on or before September 8, 2015. The undersigned will hear from counsel for the parties at a hearing which will be held in Courtroom #2 of the United States Courthouse in Asheville, North Carolina on Tuesday, September 25, 2015 at 2:00 p.m.

### ORDER

**IT IS, THEREFORE**, **ORDERED:**

(1) That the Plaintiff's Motion to Compel (#192) is **ALLOWED.** It is ordered the Defendant is to provide full, complete, truthful and sworn answers to all of the interrogatories served upon him (#192) and to further provide full and complete responses and all documents requested in the request for production of documents (#192) and deliver or have delivered the documents requested to the office of Plaintiff's counsel on or before **August 28, 2015**.

(2) The parties will be heard concerning the Plaintiff's Motion for Attorney Fees on **September 25, 2015 at 2:00 p.m.** in Courtroom #2 of the United States Courthouse in Asheville, North Carolina.

(3) The Plaintiff is to file with the Court affidavits concerning Plaintiff's request for counsel fees and expenses as set forth in the body of this Order on or before **August 25, 2015**. Defendant will be allowed to respond in writing to the

affidavits on or before **September 8, 2015**.

Signed: August 5, 2015

Dennis L. Howell
United States Magistrate Judge